## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:08cr46

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ROBERT CALLIHAM, )<br>               Defendant. )<br>_____ ) | **ORDER** |

Defendant pled guilty to one count of accessing a protected computer without authorization, in violation of 18 U.S.C. §§ 1030(a)(2) and 1030(c)(2)(B)(iii), and was sentenced before this court on October 14, 2009. Judgment was entered on October 22, 2009. Prior to the sentencing hearing, the victim of Defendant's crime, CommScope, Inc., filed a statement with the court detailing the impact of Defendant's criminal actions on its business. At the sentencing hearing, a representative of CommScope was allowed to present further testimony on this issue. In both its statement and at the hearing, CommScope requested that the court (1) award additional restitution beyond that recommended by the government, (2) prohibit Defendant from working in the bimetals industry for a period of three years, and (3) provide CommScope with access to the computers seized from Calliham during the government's investigation so that CommScope could discover the specific information accessed by Calliham and could discover whether Calliham's actions violated a consent order issued in a civil case in the Superior Court of Catawba County, North Carolina.

After hearing all of the parties at sentencing, the court denied CommScope's request for additional restitution, finding that the requested restitution -- attorney's fees in a civil matter that predated the offense conduct -- lacked a sufficient nexus with Defendant's criminal conviction. The

court likewise refrained from banning Defendant from working in his industry of expertise, finding that such a sanction was unreasonable and not sufficiently justified by the factors listed in 18 U.S.C. § 3553(a).

In regard to CommScope's request for access to the equipment seized from Calliham, the court directed the government to retain control of the computer equipment and other property seized from Defendant during the government's investigation for sixty (60) days following the date of sentencing, and the government agreed to do so. The court finds that this will allow sufficient time for CommScope to obtain civil process from the Catawba County Superior Court regarding these materials. For reasons of comity, and for the particular reason that the Superior Court is better suited to exercise its judgment on this issue having overseen an earlier round of civil litigation in the same case and having retained jurisdiction to enforce the consent judgment in that case, this court leaves it to the Catawba County Superior Court to determine whether CommScope should be granted access to the materials in the government's possession in order to further its civil case against Calliham.

**SO ORDERED.**

Signed: October 26, 2009

Richard L. Voorhees
United States District Judge